**FILED**

JAN 3 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES,<br><br>Plaintiff,<br><br>v.<br><br>FARRAH FAWCETT, et al.,<br><br>Defendants. | Nos. C 08-0441 MJJ (PR)<br>C 08-0442 MJJ (PR)<br>C 08-0443 MJJ (PR)<br>C 08-0444 MJJ (PR)<br>C 08-0445 MJJ (PR)<br>C 08-0446 MJJ (PR)<br>C 08-0447 MJJ (PR)<br>C 08-0448 MJJ (PR)<br>C 08-0450 MJJ (PR)<br>C 08-0451 MJJ (PR)<br>C 08-0452 MJJ (PR)<br>C 08-0453 MJJ (PR)<br>C 08-0454 MJJ (PR)<br>C 08-0455 MJJ (PR)<br>C 08-0456 MJJ (PR)<br>C 08-0457 MJJ (PR)<br>C 08-0459 MJJ (PR)<br>C 08-0460 MJJ (PR)<br>C 08-0461 MJJ (PR)<br>C 08-0462 MJJ (PR)<br>C 08-0463 MJJ (PR)<br>C 08-0464 MJJ (PR)<br>C 08-0465 MJJ (PR)<br>C 08-0466 MJJ (PR)<br>C 08-0467 MJJ (PR)<br>C 08-0468 MJJ (PR)<br>C 08-0469 MJJ (PR)<br>C 08-0470 MJJ (PR)<br>C 08-0498 MJJ (PR)<br>C 08-0499 MJJ (PR) | C 08-0500 MJJ (PR)<br>C 08-0501 MJJ (PR)<br>C 08-0502 MJJ (PR)<br>C 08-0503 MJJ (PR)<br>C 08-0504 MJJ (PR)<br>C 08-0505 MJJ (PR)<br>C 08-0506 MJJ (PR)<br>C 08-0507 MJJ (PR)<br>C 08-0508 MJJ (PR)<br>C 08-0509 MJJ (PR)<br>C 08-0510 MJJ (PR)<br>C 08-0511 MJJ (PR)<br>C 08-0512 MJJ (PR)<br>C 08-0513 MJJ (PR)<br>C 08-0514 MJJ (PR)<br>C 08-0515 MJJ (PR)<br>C 08-0516 MJJ (PR)<br>C 08-0517 MJJ (PR)<br>C 08-0518 MJJ (PR)<br>C 08-0519 MJJ (PR)<br>C 08-0520 MJJ (PR)<br>C 08-0521 MJJ (PR)<br>C 08-0522 MJJ (PR)<br>C 08-0523 MJJ (PR)<br>C 08-0524 MJJ (PR)<br>C 08-0525 MJJ (PR)<br>C 08-0526 MJJ (PR)<br>C 08-0527 MJJ (PR)<br>C 08-0528 MJJ (PR)<br>C 08-0529 MJJ (PR) |
| | **ORDER DISMISSING CASES** | |

Plaintiff, a federal prisoner proceeding pro se, filed the 60 civil actions listed above against a variety of defendants. A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious,

G:\PRO-SE\MJJ\CR.08\riches73.dsm.wpd

fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In an order filed January 2, 2008, the Court dismissed 22 prior cases filed by plaintiff because they were frivolous. The Court further noted:

> Within the past two months, plaintiff has sent to this court approximately 160 different civil complaints setting forth similarly improbable, if not impossible, allegations and frivolous claims against a litany of defendants.[1] Plaintiff has also filed frivolous cases in other federal district courts, prompting one United States District Judge to make the following finding about plaintiff's filings:
>
> > It is not clear whether these outlandish pleadings are products of actual mental illness or simply a hobby akin to short story writing. Whatever their origin, and though they are amusing to the average reader, they do nothing more than clog the machinery of justice, interfering with the court's ability to address the needs of the genuinely aggrieved. It is time for them to stop.
>
> Riches v. Simpson, et al., No. 6:07-cv-1504-Orl-31KRS, slip op. at 1-2 (M.D. Fla. Sept. 24, 2007).

See Riches v. Giambi, No. C 07-6156 MJJ (PR) (N.D. Cal. Jan. 2, 2007). Consequently, the Court restricted plaintiff from filing any civil complaints in this Court without payment of the full statutory filing fee. See id.; see also Riches v. Simpson, slip op. at 2 (requiring plaintiff Jonathan Lee Riches to pay full filing fee at time of filing any future complaint); Riches v. Schiavo, et al., No. 8:07-cv-1730-T-17TBM, slip op. at 2 (M.D.Fla., Sept. 26, 2007) (same).

The complaints in the above-listed cases must be dismissed because they set forth claims and allegations that are clearly irrational, baseless or frivolous, including, inter alia, claims that actors Farrah Fawcett and Ryan O'Neal "subjected" plaintiff to violent inmates (Case No. C 08-0441 MJJ (PR)); that the editor of "Smart Money" magazine is "picking on [his] brain and torturing [him] in solitary, squeezing my ideas" (Case No. C 08-0442 MJJ (PR)); and that a reporter for the "National Enquirer" and another individual "know" that plaintiff "is hijacked," but that they nevertheless "surf in California and neglect" plaintiff

---

[1]It has since become clear that the number of cases received from plaintiff is closer to 300.

1  (Case No. C 08-0443 MJJ (PR)). See 28 U.S.C. §§ 1915A(a), 1915(e)(2); Denton v.
2  Hernandez, 504 U.S. 25, 32 (1992). In addition, plaintiff's claims are not cognizable because
3  they are largely brought under 42 U.S.C. § 1983 against defendants who are not state actors.
4  See West v. Atkins, 487 U.S. 42, 48 (1988) (holding that a § 1983 claim may only be brought
5  against defendant acting under color of state law); see also 28 U.S.C. §§ 1915A(a),(b)
6  (requiring district court to review prisoner complaints and dismiss any that are frivolous,
7  malicious, fail to state a cognizable claim, or seek monetary relief from defendant immune
8  from such relief). Lastly, plaintiff has not paid the filing fee in connection with these cases,
9  as required by the January 2, 2008 order quoted above.
10  Accordingly, the above-listed cases are hereby DISMISSED, and the Clerk shall close
11  the files.
12  IT IS SO ORDERED.
13  DATED: 1/30/2008
14  MARTIN J. JENKINS
    United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN LEE RICHES,

    Plaintiff,

v.

FARRAH  FAWCETT, et al,

    Defendant.

Case Number:

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 31, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jonathan Lee Riches
F.C.I. Williamsburg
Prisoner Id 40948-018
P.O. Box 340
Salters, SC 29590

Dated: January 31, 2008

Richard W. Wieking, Clerk
By: Monica Tutson, Deputy Clerk